
FILED
JUN 21 2006 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT


# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EARL LEWIS, | ) |
| Plaintiff, | ) 06C3391 |
| | ) JUDGE NORGLE |
| v. | ) MAGISTRATE COLE |
| Cook County Department of Corrections Officer **VELAZQUEZ,** Individually; Cook County Sheriff, **MICHAEL F. SHEAHAN**, and **COOK COUNTY**. | ) ) ) ) JURY DEMANDED |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff EARL LEWIS was and now is a citizen of the United States and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Cook County Correctional Officer Velazquez ("VELAZQUEZ") was employed by the Cook County Sheriff's Department, and was acting under color of state law and as employee, agent, or representative of the Cook County Sheriff's Department. This officer is being sued in his individual/personal capacity.

5. At all times herein mentioned, COOK COUNTY is empowered and directed to pay any judgment for compensatory damaged (and associated attorneys' fees and costs) for

which any Cook County Sheriff's Department deputy, including Defendant VELAZQUEZ, acting within the scope of his/her employment is found liable. Accordingly, COOK COUNTY is an indemnification party to Count III of this Complaint.

6. At all times herein mentioned COOK COUNTY SHERIFF, MICHAEL F. SHEAHAN ("SHEAHAN"), was elected Sheriff of Cook County, and was responsible for the day to day operations of the Cook County Jail, including his employees' and VELAZQUEZ. Sheahan in his capacity as Cook County Sheriff existed as such under the laws of the State of Illinois, and the United States.

## FACTUAL ALLEGATIONS

7. On or about January 14, 2006, Plaintiff was at the Cook County Department of Corrections, located at 2700 South California Avenue, Chicago, Illinois.

8. On or about January 14, 2006, Defendant VELAZQUEZ was on duty at the Cook County Department of Corrections.

9. At the same time and place, Defendant VELAZQUEZ physically abused Plaintiff.

10. At all times relevant, no legal cause existed for VELAZQUEZ to physically abuse Plaintiff.

11. At all times relevant, Plaintiff did not consent to being physically abused.

12. By reason of the aforementioned acts of VELAZQUEZ, Plaintiff sustained physical injuries, humiliation, and indignities. Plaintiff suffered great physical, mental, and emotional pain and suffering proximately caused by Defendant in an amount to be ascertained.

13. The aforementioned acts of VELAZQUEZ were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights,

and they justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the aforementioned acts and omissions of VELAZQUEZ, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Defendant VELAZQUEZ for EXCESSIVE FORCE

15. Plaintiff hereby incorporates and realleges Paragraphs one (1) through fourteen (14) heretofore as though fully set forth at this place.

16. By reason of Defendant VELAZQUEZ's conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

17. The physical violence inflicted upon Plaintiff by Defendant VELAZQUEZ was excessive, unnecessary, and unreasonable, and therefore was in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights.

18. Therefore, Defendant VELAZQUEZ is liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT III
### Plaintiff Against COOK COUNTY for INDEMNIFICATION

19. Plaintiff hereby incorporates and realleges Paragraphs one (1) through eighteen (18) heretofore as though fully set forth at this place.

20. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, COOK COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including Defendant VELAZQUEZ, acting within the scope of his employment is found liable.

21. The acts and/or omissions of Defendant VELAZQUEZ were committed within the scope of his employment.

22. In the event that a judgment for compensatory damages is entered against Defendant VELAZQUEZ, COOK COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT IV
### Plaintiff Against Sheahan, For the Supplemental State Law Claim of Assault and Battery, and Willful and Wanton Conduct

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

24. On January 14, 2006, the defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with plaintiff.

25. In disregard of this duty, the Defendants acted intentionally, and willfully and wantonly in doing the following:

    a) assaulting plaintiff;

4

b) battering plaintiff;

c) causing the emotional distress of plaintiff; and

d) Sheahan, pursuant to the principle of *respondeat superior*, is responsible for the wrongful conduct of its deputies as alleged above.

26. All of the above was done without legal cause.

27. As a result of the foregoing plaintiff was injured as set forth above.

WHEREFORE, Plaintiff VELAZQUEZ, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against Defendants on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendant VELAZQUEZ be required to pay Plaintiff special damages;

3. That Defendant VELAZQUEZ be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendant VELAZQUEZ be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem just and proper.

By: _____
　　　Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: _____
　　　GARRETT BROWNE

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street, Suite 330
Chicago, Illinois 60606
(312) 345-8877